# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| MICHAEL D. HESTLEY, | * | |
| Plaintiff, | * | |
| v. | * | CASE NO. 4:06-CV-128 (CDL) |
| | * | 42 U.S.C. § 1983 |
| W.W. ADAMSON, Warden, et al., | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

Before the court is the Defendants' Motions to Dismiss Plaintiff's action. (R-30 and 41). The Plaintiff was notified of his right to respond and did so on June 20, 2007, and July 30, 2007. (R-33, 34, and 43).

## LEGAL STANDARDS FOR MOTION TO DISMISS

For a motion to dismiss to be granted, Plaintiff's complaint, which must factually be accepted as true, must evidence that there is no set of facts entitling him to relief. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991); *see also Luckey v. Harris*, 860 F.2d 1012, 1016-17 (11th Cir. 1988) and *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). In such a situation, Rule 12(b)(6) of the *Federal Rules of Civil Procedure* authorizes a court to dismiss a complaint on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319 (1989). If, as a matter of law, it is clear that no relief could be granted under any facts that could be proved consistent with the allegations, a claim must be dismissed, regardless of whether it is based on an outlandish

legal theory or on a close but unavailing one. *Id*. Rule 12(b)(6) does not allow for dismissals based solely on the court's disbelief of a plaintiff's factual allegations. *Id. See also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) and *Conley v. Gibson*, 355 U.S. 41 (1957).

Rule 12(b)(1) provides that a defendant may raise any and all defenses regarding "lack of jurisdiction over the subject matter." Although the Eleventh Circuit has not ruled on this matter directly, the Ninth Circuit Court of Appeals, in *Wyatt v. Terhune,* 315 F. 3d 1108, 1119-20 (9th Cir. 2003), *cert. denied,* 124 S.Ct. 50 (2003), held:

> We next address the form of pretrial motion to be used to resolve the State's contention that the prisoner has failed to exhaust his administrative remedies. In this Circuit, we have held that the failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment. *See Ritza v. Int'l Longshoremen's & Warehousemen's Union,* 837 F.2d 365, 368 (9th Cir. 1988). (citations omitted). These decisions are based on the general principle that "summary judgment is on the merits," (cite omitted) whereas, "dismissal of an action on the ground of failure to exhaust administrative remedies is not on the merits." (citations omitted). In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. *See Ritza,* 837 F.2d at 369. If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice. *See id.* at 368.

Thus, a motion to dismiss based upon a plaintiff's failure to exhaust his administrative remedies, which pleads a lack of jurisdiction, is properly filed as an unenumerated Rule 12(b) motion.

**PROCEDURAL HISTORY**

On October 30, 2006, Plaintiff filed this 42 U.S.C. § 1983 suit claiming that the Georgia Department of Corrections and Muscogee County Prison violated his First, Eighth and Fourteenth Amendment constitutional rights when "Plaintiff was subjected to degrading and/or abusive conditions whereas the plaintiff had to care and treat an (M.R.S.A.) Infection in an open dorm for over two weeks." (R-1-1). Plaintiff also alleges that Defendants violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical need. *Id.* Defendants Adamson, Covington, Brown, Holleman and Muscogee County Prison filed a Motion to Dismiss on May 23, 2007. (R-30). Defendant Smith filed a Motion to Dismiss Plaintiff's complaint on July 5, 2007. (R-41). On June 20, 2007, and July 30, 2007, Plaintiff filed his Responses. (R-33, 34 and 43).

## MOTION TO DISMISS

In their unenumerated 12(b) Motion to Dismiss, Defendants Adamson, Covington, Brown, Holleman and Muscogee County Prison argue that Plaintiff's action should be dismissed because: (1) Muscogee County Prison is not a legal entity capable of being sued; (2) Plaintiff failed to exhaust his administrative remedies; (3) Eleventh Amendment immunity protects them in their official capacities; (4) qualified immunity protects them in their individual capacities; (5) the doctrine of vicarious liability does not apply to § 1983 actions; and (6) Plaintiff has failed to allege more than a de minimis physical injury. (R-30). Defendant Smith's unenumerated 12(b) Motion to Dismiss argues that Plaintiff's action should be dismissed because: (1) Plaintiff has failed to exhaust his administrative remedies; (2) the doctrine of vicarious liability does not apply to § 1983 actions; and (3) Plaintiff has

failed to allege more than a de minimis physical injury. (R-41).

## DISCUSSION

In his complaint, Plaintiff seeks compensatory damages in the amount of one million dollars for "physical and emotional injuries sustained as the result of the defendants failing to provide adequate medical care. (R-1-1). Plaintiff also seeks the award of punitive damages and/or other relief that Plaintiff may be entitled to "due to the deliberate defendants indifference into taking any type of preventative measures to contain this highly contagious disease or to inform the inmates of the M.R.S.A. outbreak." Plaintiff states that as he filed a grievance on June 3, 2005, and received no answer, he "hereby deem[s] it denied." *Id*.

## I. Exhaustion of Administrative Remedies

The Defendants contend that Plaintiff failed to exhaust his available administrative remedies wherein Plaintiff failed to pursue his grievance within the time permitted by the grievance procedure and that said grievance was defective as it failed to describe the alleged complaint or relief sought. (R-30-2). By *The Prison Litigation and Reform Act,* Congress has provided that, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The United States Supreme Court has consistently held that where Congress explicitly mandates, a plaintiff must exhaust the administrative remedies available to him before he is authorized to file a lawsuit in federal court. *McCarty v. Madigan,* 503 U.S. 140, 144 112 S.Ct. 1081, 1086 (1992). The

Eleventh Circuit Court of Appeals, following the Supreme Court rulings and the PLRA, has held that "since exhaustion is now a precondition to suit, the courts cannot simply waive those requirements . . . ." *Alexander v. Hawk,* 159 F.3d 1321, 1326-27 (11th Cir. 1998).

A recent United States Supreme Court decision, held that an inmate must *properly* exhaust all available administrative remedies before he can file a 1983 lawsuit in federal court. *Woodford v. Ngo*, 126 S.Ct. 2378 (U.S. 2006)(emphasis added). In *Woodford*, the Respondent, an inmate at a California state prison, filed a grievance regarding prison conditions, which was rejected as untimely. *Id.* at 2380. The Respondent thereafter filed suit pursuant to § 1983 against the prison officials. The District Court held that because Respondent had failed to timely exhaust all of his available remedies, the case should be dismissed. *Id.* The Ninth Circuit Court of Appeals reversed the lower court's decision, finding that the Respondent had no further administrative remedy available to him after his grievance was rejected as untimely. *Id.* The high court ultimately reversed the Ninth Circuit, finding that, just as in habeas corpus cases, the remedies available to the inmate must be **fully and properly** exhausted. *Id.*

A review of the Georgia Department of Corrections Standard Operating Procedure (hereinafter, SOP) on Inmate Grievances, which regulates the grievance process in all Georgia prisons, reveals that an inmate must exhaust an "Informal Complaint Procedure" before proceeding to a "Formal Grievance Procedure." (R-30-3, Defendants' Exhibit A). The Affidavit of grievance counselor, Daniel King, states that "[a]ll inmates are informed of

the grievance procedure when they are first incarcerated through the dissemination of a copy of the Orientation Handbook for Offenders which includes instructions about the procedure and an oral explanation of the Grievance Policy which is noted in the inmate's file (and was noted in Plaintiff's file)." (R-30-4, Exhibit "B"). The SOP states that an inmate has ten calendar days from the date he knew or should have known of the facts surrounding the grievance to file an informal grievance. (R-30-3). After a decision is rendered regarding the informal grievance, the inmate may procure a formal grievance form from a prison counselor. *Id.* There further exists an appeal process for inmates who are not satisfied with the outcome of the formal grievance. *Id.* For an inmate to fully exhaust his administrative remedies, therefore, he must complete all three steps of the grievance procedure.

In both his informal grievance and his complaint, Plaintiff avers that the injuries he sustained occurred from May 5, 2005, to May 15, 2005. (R-1-1, p.7-8 and R-30-5). In two separate areas of his sworn complaint, Plaintiff asserts that he filed a grievance on June 3, 2005. (R-1-1, p.2 and 9). Plaintiff also asserts that he received no answer to such, although the grievance Reply Form submitted by Defendants belies his assertion. (R-30-5, Exhibit "C"). Plaintiff asserts that the Defendants factual allegations are incomplete and false, however, he fails to submit any evidence to refute such.[1] All of the evidence submitted, by

---

[1] Plaintiff's Exhibit "A" was previously submitted by Plaintiff (R-1-2, p.3) and is a copy of Defendant's Exhibit "C" (R-30-5) and provides no new information. (R-34). Plaintiff's Exhibit "B" is a request form dated August 13, 2005, and is blank where it should state what date Plaintiff filed the grievance he was seeking information on. (R-34, p.4). Plaintiff's Exhibit "C," which purports to be a copy of the grievance submitted by Plaintiff on June 3, 2005, mentions only incidents that occurred between May 5th and May 15th, 2005. (R-34, p.5-9).

6

the Plaintiff and Defendants, indicates that the grieved matter occurred between May 5th and May 15th, 2005, and that the grievance was not filed until June 3, 2005. (R-1-1, 30-4, 30-5, 30-6 and 34). In his Affidavit, the grievance counselor also stated that "[a]side from the Grievance attached to Plaintiff's Complaint which was untimely, I have searched the grievance records and Plaintiff filed no other grievances while in the custody of the Muscogee County Prison." (R-30-4, Exhibit "B"). Plaintiff's arguments in his Reply to Defendant's Motion to Dismiss, regarding his timeliness and the "continuing" issues of staph infections, are without merit.

As noted above, a prisoner has ten days to file an informal grievance. Plaintiff's "Amended Brief in Support of Plaintiff (sic) Reply to Defendants Motion to Dismiss," filed nine months after the complaint and in response to the second motion to dismiss, states **for the first time** that Plaintiff submitted his brief within the ten days but that the "power went out." (R-43-2). His claim that the grievance counsel submitted the grievance late because of an eight day power outage at the prison, is incredulous. *Id.* It appears from the face of the document that "power went out" was written by the person who wrote the Reply form, "C-Snell," and not Defendant Covington or Counselor King. Plaintiff has stated from the inception of his complaint that he "filed [his] grievance on June 3, 2005," and the court trusts that Plaintiff's memory was fresher at the time the complaint was filed than nine months later. (R-1-1). Allowing Plaintiff Hestley to change his assertions regarding the filing of his grievance at such a late date, and only when his complaint appeared at risk of being

7

dismissed, would open the flood gates and encourage deceptive practices in pleadings. On June 3, 2005, Plaintiff was clearly outside the SOP ten-day time limit to file an informal grievance regarding the alleged events of May 5th through May 15th, 2005. Therefore, it is recommended that Plaintiff's complaint be DISMISSED for Plaintiff's failure to timely exhaust his administrative remedies.

**II. Injunctive relief**

The Eleventh Circuit Court of Appeals has held that any claims regarding the conditions of his confinement made by an inmate who is requesting declaratory or injunctive relief become moot once the Plaintiff is transferred to another facility. *Spears v. Thigpen*, 836 F.2d 1327 (11th Cir. 1988); *citing, Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985)(holding that absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.)

In this case, the Plaintiff filed suit against the Defendants on October 11, 2006. (R-2). It appears from the face of the complaint that Plaintiff had already been transferred to the Carroll County Prison by the date the complaint was filed. (R-1-1). In addition, on January 18, 2007, the clerk's office filed a letter sent by the Plaintiff informing the court that he had been transferred from the Carroll County Prison to Walker State Prison in Rockspring, Georgia. (R-15). Thus, Plaintiff is no longer an inmate at the Defendant Muscogee County Prison. Pursuant to legal precedent, therefore, any claims made by Plaintiff in his complaint and amendments which could be considered as requesting injunctive relief fail to present any

case in controversy. Thus, such claims should be deemed moot and it is recommended that all claim related to injunctive relief should be DISMISSED.

Additionally, Plaintiff filed a Motion to Compel (R-36) which would be rendered moot if the Report and Recommendation is adopted by the District Court.

Accordingly, it is hereby RECOMMENDED, that the Defendants' Motions to Dismiss (R-30 and 41) be GRANTED, that any claims for injunctive relief be DISMISSED as moot, and that Plaintiff's Motion to Compel (R-36) be DENIED as moot pursuant to the foregoing authority. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO ORDERED this 5th day of September, 2007.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc